IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TIFFANY SMITH,** | |
| Plaintiff, | 8:12CV330 |
| vs. | |
| **CITY OF OMAHA**, a political subdivision existing and organized in the State of Nebraska; **OMAHA POLICE DEPARTMENT**; **ALEX HAYES**, Chief of Police, individually and in his official capacity; **BENJAMIN EDWARDS, AAREN ANDERSON, and JERALD SWANSON**, Omaha Police Officers, individually and in their official capacities; **DON KLEINE**, Douglas County Attorney, individually and in his official capacity; **JOHN DOE**, Douglas County Attorney, individually and in his/her official capacity; **DOUGLAS COUNTY**, a political subdivision existing and organized in the State of Nebraska; and **JOHN DOES 1-100**, | ORDER |
| Defendants. | |
| **TIFFANY SMITH**, as parent and natural guardian of Deante Smith, | |
| Plaintiff, | |
| vs. | |
| **CITY OF OMAHA**, a political subdivision existing and organized in the State of Nebraska; **OMAHA POLICE DEPARTMENT**; **ALEX HAYES**, Chief of Police, individually and in his official capacity; **BENJAMIN EDWARDS, AAREN ANDERSON, and JERALD SWANSON**, Omaha Police Officers, individually and in their official capacities; **DON KLEINE**, Douglas County Attorney, individually and in his official capacity; **JOHN DOE**, Douglas County Attorney, | 8:12CV331<br><br>ORDER |

**individually and in his/her official capacity; DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska; and JOHN DOES 1-100,**

           **Defendants.**

      This matter is before the court on the plaintiff's July 25, 2014, Motion to Compel Mandatory Mediation (Filing No. 82 in case 8:12CV330; Filing No. 84 in case 8:12CV331). The plaintiff argues this matter is appropriate for mandatory mediation, citing the court's mediation plan, because the plaintiff's physical injuries result in a damage demand of less than $100,000. The plaintiff's counsel fears more money will be spent on litigation than damages are worth. Accordingly, the plaintiff contends that in the interest of judicial efficiency and to save the litigants time and expense, the court should compel the parties to participate in mandatory mediation.

      This case was filed in September 2012. **See** Filing No. 1. Under the progression order, discovery for this case concludes at the end of this month. **See** Filing No. 74. The defendants have filed a motion in limine to prevent the plaintiff from using any expert witnesses at trial based on the plaintiff's alleged failure to timely and properly disclose the witnesses. **See** Filing No. 86. The defendants also filed a motion for partial summary judgment on the plaintiff's *Monell* policy claims arguing the plaintiff cannot show the existence of policy, custom, or practice, which proximately caused the plaintiff's injury. **See** Filing No. 89. The plaintiff seeks a second extension of time to respond to both of the defendants' motions and to file of motion of her own, challenging the admissibility of the defendants' expert witnesses based on some outstanding discovery. **See** Filing No. 93. The trial of this matter is scheduled for November. **See** Filing No. 74.

      While some aspects of this case suggest it may be a candidate for mandatory mediation, the court finds the nature and posture of the case do not make resolution of the case by mediation a "practical possibility" as described by court's Mediation Plan, at this time. Upon consideration,

**IT IS ORDERED**:

1. The plaintiff's Motion to Compel Mandatory Mediation (Filing No. 82 in case 8:12CV330; Filing No. 84 in case 8:12CV331) is denied, without prejudice.

2. The plaintiff's Second Motion for Extension of Time to File Motion in Limine (Filing No. 93 in case 8:12CV330; Filing No. 96 in case 8:12CV331) is granted. The plaintiff shall have until **August 18, 2014**, to file a response to each of the defendants' motions and to file a motion in limine challenging the admissibility of the defendants' expert testimony pursuant to Fed. R. Civ. P. 702. No further extensions of these deadlines will be granted without a showing that after an exercise of due diligence by the parties a manifest injustice would occur if a requested extension were not granted.

Dated this 14th day of August, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge