IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIFFANY SMITH,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF OMAHA, a political subdivision existing and organized in the State of Nebraska; OMAHA POLICE DEPARTMENT; ALEX HAYES, Chief of Police, individually and in his official capacity; BENJAMIN EDWARDS, AAREN ANDERSON, and JERALD SWANSON, Omaha Police Officers, individually and in their official capacities; DON KLEINE, Douglas County Attorney, individually and in his official capacity; JOHN DOE, Douglas County Attorney, individually and in his/her official capacity; DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska; and JOHN DOES 1-100,<br><br>        Defendants.<br>_____ | 8:12CV330<br><br>ORDER |
| TIFFANY SMITH, as parent and natural guardian of Deante Smith,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF OMAHA, a political subdivision existing and organized in the State of Nebraska; OMAHA POLICE DEPARTMENT; ALEX HAYES, Chief of Police, individually and in his official capacity; BENJAMIN EDWARDS, AAREN ANDERSON, and JERALD SWANSON, Omaha Police Officers, individually and in their official capacities; DON KLEINE, Douglas County Attorney, individually and in his official capacity; JOHN DOE, Douglas County Attorney, | 8:12CV331<br><br>ORDER |

**individually and in his/her official capacity; DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska; and JOHN DOES 1-100,**

           **Defendants.**

This matter is before the court on the defendants' Motion in Limine (Filing No. 86 in case 8:12CV330; Filing No. 89 in case 8:12CV331). The defendants filed a brief (Filing No. 87) and an index of evidence (Filing No. 88) in support of the motion. The plaintiff filed a brief (Filing No. 96) in opposition to the defendants' motion. The plaintiff also filed a third motion for extension of the deadline to file a motion in limine (Filing No. 98). Although the plaintiff requested a hearing on her motions, "[i]n general the court does not allow oral argument or evidentiary hearings on motions." **See** NeCivR 7.1(d). The court finds no oral argument or evidentiary hearing is necessary on these motions.

## BACKGROUND

This case arises from the September 28, 2010, arrest of the plaintiff and Deante Smith (Smith) when he was fourteen. **See** Filing No. 1. The plaintiff is the parent and natural guardian of Smith. *Id.* The plaintiff alleges the City of Omaha, the Omaha Police Department, and several police officers (collectively the defendants) violated her and Smith's civil rights by assaulting, harassing, and falsely arresting them based on their African American descent. *Id.* Smith was charged with disorderly conduct, but the Douglas County Attorney's Office declined to prosecute. The defendants deny liability on the plaintiff's claims. **See** Filing Nos. 47 and 48.

On April 8, 2013, the court entered an initial progression order authorizing the parties to begin discovery. **See** Filing No. 38. The court required the parties to "[disclose] at the least the names and addresses of all expert witnesses expected to testify for that party at trial" by August 20, 2013. *Id.* ¶ 8. There is no indication in the record whether the plaintiff complied with this deadline.

On February 13, 2014, the court entered a final progression order scheduling this case for trial to be held on November 17, 2014. **See** Filing No. 74. In that order, the court also provided deadlines for discovery and expert witness disclosures. Specifically,

the discovery deadline is August 29, 2014. *Id.* ¶ 2(a). Additionally, the plaintiff had until May 1, 2014, to serve the defendants with the statements required by Federal Rule of Civil Procedure 26(a)(2) regarding each expert witness the plaintiff expects to testify at trial. *Id.* ¶ 3. In turn, the defendants had until July 1, 2014, to serve their expert disclosures and the plaintiff had until July 30, 2014, for rebuttal disclosures. *Id.* On May 1, 2014, the plaintiff served her "Notice of Expert Witness" stating she "gives notice of the expert witness as Dr. Charles McMinn, Reginald Gunter and/or John Doe expert and Jerome Sherman, Phd. [sic] The plaintiff will supplement these disclosures in accordance with the Federal Rules of Civil Procedure." **See** Filing No. 80. At that time, the plaintiff did not serve or offer any description or reports regarding the witnesses' anticipated trial testimony. **See** *id.*; Filing No. 88 - Ex. 2 Mumgaard Aff. ¶ 2. Since that time the plaintiff has not supplemental the notice or disclosures. **See** Filing No. 88 - Ex. 2 Mumgaard Aff. ¶ 2.

On July 30, 2014, the defendants filed the instant motion seeking to preclude the plaintiff from producing any evidence at trial from any expert witness not properly disclosed. **See** Filing No. 86. The defendants specifically reference Dr. Charles McMinn, Jerome Sherman, Ph.D., Reginald Gunter, and John Doe Expert or any other expert witness. *Id.*; Filing No. 87 - Brief p. 1. The defendants state the plaintiff has failed to produce any expert disclosures or reports. *Id.* The defendants argue the plaintiff's conduct, which is a violation of the court's progression orders and the Federal Rules of Civil Procedure, is neither justified nor harmless. *Id.* at 1-2. Furthermore, the defendants contend they will suffer great surprise and undue prejudice if the plaintiff is allowed to supplement the wholly deficient expert notice at this late date. *Id.* at 7-9. Based on these violations, the defendants seek the sanction of exclusion of any proffered expert witness pursuant to Federal Rule of Civil Procedure 37(c)(1). *Id.* at 5-6. In any event, the defendants assert the listed expert witness cannot offer any relevant testimony about the remaining trial issues of false arrest and conspiracy to deprive citizens of equal protection. *Id.* at 10-11. Specifically, the defendants contend Dr. McMinn, who is presumably Smith's primary care physician, did not treat Smith on September 28, 2010, and would not be able to provide expert opinion about false arrest or conspiracy. *Id.* at 10. Similarly, Dr. Sherman is an economist and finance professor

who is unlikely to have relevant testimony about the facts or legal elements remaining in this case. *Id.* Mr. Gunter was formerly employed as a police officer with the Omaha Police Department, but the plaintiff has failed to provide sufficient evidence of his qualifications to testify as an expert. *Id.* at 10-11.

## ANALYSIS

Under Federal Rule of Civil Procedure 26, disclosure of an expert witness "must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case. . . ." Fed. R. Civ. P. 26(a)(2)(A)-(B). In the alternative, "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence . . .; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Generally, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justification" exists where there is an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule. Charles A. Wright, et al., Federal Practice and Procedure § 2288 (2d ed. 1994); **see** *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988) (referring to Rule 37 Advisory Committee Notes to arrive at definition of "substantially justified" as where there exists genuine dispute or where reasonable people could differ as to appropriateness of particular conduct). When determining whether to exclude a witness as a sanction, the courts consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692-93 (8th Cir. 2008).

The plaintiff did not seek an extension of time to properly disclosure expert witnesses. The plaintiff did file a motion for extension of time to respond to the

4

defendants' motion in limine. **See** Filing No. 93. In the motion, the plaintiff's counsel argued the extension was necessary because the plaintiff had not received "all of the discovery." *Id.* at 2. Specifically, the plaintiff argued a copy of the final disposition of the disciplinary actions taken against the arresting officers was important to the evaluation of the case by the experts, including whether the defendants' motion should be granted. *Id.* The plaintiff contends her conduct, in failing to earlier provide expert disclosures, was substantially justified because of the defendants' failure to provide the discovery. **See** Filing No. 94 - Brief p. 3-4. Further, the plaintiff suggests the failure is harmless because of the lack of discovery. *Id.* at 4. The plaintiff also appears to suggest a short continuance would cure any prejudice. *Id.* Finally, the plaintiff states, without argument or support, that "the expert is important," without naming any particular expert, and the defendant would not be prejudiced. *Id.*

There is no dispute the plaintiff completely failed to provide expert disclosures as required by this court's progression orders and the federal rules. The plaintiff fails to sustain her burden of showing substantial justification for such failure. A deficiency in the defendants' discovery production would likely have justified an extension of the plaintiff's expert disclosure deadline months ago. However, the plaintiff's lack of diligence in pursuing what she believes is important discovery precludes the extension at this time. The plaintiff failed to file a motion to compel the discovery at any time prior to the deadline to provide expert disclosures (May 1) or the deadline to file motions to compel (July 18). The plaintiff also fails to make any connection between the delayed discovery and any particular expert witness or a connection between any particular expert witness and his relevance and importance to the issues remaining for trial. The plaintiff argues that because the defendants already had Mr. Gunter's resume from an unrelated case, they would not be prejudiced by allowing him to testify. **See** Filing No. 96 - Brief p. 6-7. The plaintiff's description in the brief of Dr. McMinn's and Mr. Gunter's anticipated trial testimony does not alleviate the prejudice caused to the defendants.[1] The defendants are unduly prejudiced by the plaintiff's delay and lack of expert disclosure or, in fact, any description of the listed witnesses' anticipated testimony until

---

[1] The plaintiff concedes she does not intend to name a John Doe Expert and she suffered no economic wage loss, presumably meaning she does not intend to dispute striking Dr. Sherman. **See** Filing No. 96 - Brief p. 5, 96.

5

well after the defendants' deadline to file motions in limine. The defendants' expert disclosure deadline has likewise expired and the discovery deadline and trial are imminent. Upon consideration,

**IT IS ORDERED**:

1. The defendants' Motion in Limine (Filing No. 86 in case 8:12CV330; Filing No. 89 in case 8:12CV331) is granted. The plaintiff is precluded from producing any evidence at trial from any expert witness not properly disclosed, including Dr. Charles McMinn, Jerome Sherman, Ph.D., and Reginald Gunter.

2. Filing No. 96 in case 8:12CV330 and Filing No. 99 in case 8:12CV331, is a brief improperly filed using the "Motion to Enforce IRS Summons" and "Motion" events. The Clerk of Court shall term the motions and change the docket text to reflect the document is a Brief in response to the defendants' Motion in Limine (Filing No. 86 in case 8:12CV330; Filing No. 89 in case 8:12CV331).

3. Filing No. 97 in case 8:12CV330 and Filing No. 100 in case 8:12CV331, is a brief improperly filed using the "Motion" event. The Clerk of Court shall term the motion and change the docket text to reflect the document is a Brief in response to the defendants' Motion for Partial Summary Judgment (Filing No. 84 in case 8:12CV330 and Filing No. 86 in case 8:12CV331).

4. The plaintiff's Motion for Extension of Time to Challenge Defendant's Expert (Filing No. 98 in case 8:12CV330 and Filing No. 101 in case 8:12CV331) by two days is granted. The plaintiff shall have until **August 20, 2014**, to file a motion challenging the defendants' expert witness.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 19th day of August, 2014.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge