# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TIFFANY SMITH,** | |
| Plaintiff, | **8:12CV330** |
| vs. | |
| **CITY OF OMAHA**, a political subdivision existing and organized in the State of Nebraska; **OMAHA POLICE DEPARTMENT**; **ALEX HAYES**, Chief of Police, individually and in his official capacity; **BENJAMIN EDWARDS, AAREN ANDERSON,** and **JERALD SWANSON**, Omaha Police Officers, individually and in their official capacities; and **JOHN DOES 1-100**, | **ORDER** |
| Defendants. | |
| **TIFFANY SMITH**, as parent and natural guardian of Deante Smith, | |
| Plaintiff, | **8:12CV331** |
| vs. | |
| **CITY OF OMAHA**, a political subdivision existing and organized in the State of Nebraska; **OMAHA POLICE DEPARTMENT**; **ALEX HAYES**, Chief of Police, individually and in his official capacity; **BENJAMIN EDWARDS, AAREN ANDERSON,** and **JERALD SWANSON**, Omaha Police Officers, individually and in their official capacities; and **JOHN DOES 1-100**, | **ORDER** |
| Defendants. | |

This matter is before the court on the plaintiff's Motion in Limine to Exclude Defendant's Expert (Filing No. 107 in case 8:12CV330; Filing No. 110 in case 8:12CV331).[1]  The plaintiff filed a brief (Filing No. 108), a declaration (Filing No. 110),

---
[1] The court will cite to 8:12CV330 unless otherwise noted.

and indices of evidence (Filing Nos. 111, 114, and 115) in support of the motion. The defendants filed a brief (Filing No. 120) and indices of evidence (Filing Nos. 121 and 131) in opposition. The plaintiff filed a brief (Filing No. 124) and several exhibits (Filing Nos. 126 and 127) in reply.

## BACKGROUND

This case arises from the September 28, 2010, arrest of the plaintiff and Deante Smith (Smith) when he was fourteen. **See** Filing No. 1. The plaintiff is the parent and natural guardian of Smith. *Id.* The plaintiff alleges the City of Omaha, the Omaha Police Department (OPD), and several police officers (collectively the defendants) violated her and Smith's civil rights by assaulting, harassing, and falsely arresting them based on their African American descent. *Id.* Smith was charged with disorderly conduct, but the Douglas County Attorney's Office declined to prosecute. *Id.* The defendants deny liability on the plaintiff's claims. **See** Filing Nos. 47 and 48.

On February 13, 2014, the court entered a final progression order scheduling this case for trial on November 17, 2014. **See** Filing No. 74. In that order, the court provided deadlines for expert witness disclosures. Specifically, the plaintiff had until May 1, 2014, to serve the defendants with the statements required by Federal Rule of Civil Procedure 26(a)(2) regarding each expert witness the plaintiff expects to testify at trial. *Id.* ¶ 3. In turn, the defendants had until July 1, 2014, to serve their expert disclosures and the plaintiff had until July 30, 2014, for rebuttal disclosures. *Id.* On May 1, 2014, the plaintiff served her "Notice of Expert Witness" naming three purported experts. **See** Filing No. 80. At that time, the plaintiff did not serve or offer any description or reports regarding the witnesses' anticipated trial testimony. **See** *id.*[2] On July 1, 2014, the defendants filed a "Notice of Serving Identification of Expert Witnesses" with the court and delivered an "Identification of Expert Witnesses" to the plaintiff by standard United States mail. **See** Filing No. 81 - Notice; Filing No. 121-1 - Identification. The defendants identified OPD Officer John Edwards (Officer Edwards) as an expert expected to testify about the procedure and techniques officers use when

---

[2] On August 19, 2014, on the defendants' motion, the court precluded the plaintiff from producing any evidence at trial from any expert witness not properly disclosed, including the experts listed in the plaintiff's May 1, 2014, notice. **See** Filing No. 101 - Order.

2

initiating an investigation or contact with other persons.  **See** Filing No. 121-1 - Identification.  In a Supplemental Identification, the defendants reiterated Officer Edwards will generally testify about the methods and procedures, as provided in the Nationally Accepted Law Enforcement Standards, OPD officers use to initiate contact with citizens and take citizens into custody.  **See** Filing No. 131-1 - Supplemental Identification.  Further, the defendants disclosed Officer Edwards "will express his opinion that the conduct of [the officer] described in the reviewed material was consistent with applicable Nationally Accepted Law Enforcement Standards."  *Id.*

On August 21, 2014, the plaintiff filed the instant motion seeking to exclude the defendants from presenting any expert testimony.  **See** Filing No. 107 - Motion.  The plaintiff makes two arguments for exclusion.  First, the plaintiff argues the defendants did not name an expert in the defendants' notice[3] and failed to supply an expert's written report.  **See** Filing No. 108 - Brief p. 3-5.  Second, the plaintiff argues the defendants' expert should be precluded under Fed. R. Evid. 702 because the expert cannot offer any relevant testimony about the remaining trial issues of false arrest and conspiracy to deprive citizens of equal protection.  *Id.*

In response, the defendants argue they timely and appropriately identified their expert witness.  **See** Filing No. 120 - Response.  The defendants contend the plaintiff wrongly relies on Fed. R. Civ. P. 26(a)(2)(B) to attempt to exclude Officer Edwards.  *Id.* at 3.  Instead, the defendants assert Fed. R. Civ. P. 26(a)(2)(C) applies because Officer Edwards, who is currently employed as an officer for the OPD, has not been retained or specially employed to provide expert testimony and his job duties do not require him to regularly provide expert witness testimony.  *Id.*  The defendants argue they complied with subsection C of Rule 26(a)(2), to the extent possible, however, because the plaintiff did not properly identify expert witnesses, Officer Edwards could not summarize his rebuttal opinion in the initial disclosure.  *Id.* at 4; **see also** Filing No. 121-1 - Identification ("Defendants are unable at this time to fully comply with their obligation to describe their response to experts called by Plaintiff when Plaintiff hasn't provided any descriptions of the opinions held by his expert witnesses.").  Lastly, the defendants

---

[3]  Although the notice itself did not contain the defendants' expert's name, the defendants, as indicated in the notice, sent the plaintiff an Identification of Expert Witnesses, which named Officer Edwards.  **See** Filing No. 81 - Notice; Filing No. 121-1 - Identification.

argue Officer Edwards' expert knowledge will assist the trier of fact and he is not being called to offer testimony on legal issues.  **See** Filing No. 120 - Response p. 5-7.

In reply, the plaintiff argues Officer Edwards should not be allowed to testify because the charges were dropped against Smith and the officers involved in the underlying arrest accepted a one-day suspension.  **See** Filing No. 124 - Reply.  The plaintiff also argues the expert should be precluded from testifying because he cannot testify about the facts or the officers' credibility, which are for the jury to determine.  *Id.*

## ANALYSIS

### A. Disclosure

Under Federal Rule of Civil Procedure 26, disclosure of an expert witness "must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case. . . ." Fed. R. Civ. P. 26(a)(2)(A)-(B).  In the alternative, "if the witness is not required to provide a written report, this disclosure must state:  (i) the subject matter on which the witness is expected to present evidence . . .; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  "A party must make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).

As noted in the defendants' Identification, the defendants' disclosed Officer Edwards under Fed. R. Civ. P. 26(a)(2)(C).  **See** Filing No. 121-1 - Identification.  The defendants were not required to submit a written report with the initial disclosure.  **Compare** Fed. R. Civ. P. 26(a)(2)(B) **with** Fed. R. Civ. P. 26(a)(2)(C).  The information the defendants did disclose complied with Fed. R. Civ. P. 26(a)(2)(C).  The defendants' Identification set forth the subject matter on which Officer Edwards is expected to present evidence and noted, absent a report from the plaintiff's expert, Officer Edwards could not provide a summary of his testimony.  **See** *id.*  Although the initial disclosure did not contain a summary of Officer Edwards' opinion, the defendants timely supplemented their identification with a summary Officer Edwards' opinion before his

4

deposition[4] and before the November 17, 2014, trial.  **See** Filing No. 131-1 - Supplemental Identification.  There is no indication the plaintiff has suffered prejudice from any perceived delay in supplementation.  The plaintiff's motion in limine on the basis Officer Edwards failed to submit a written report is denied.

### B. Federal Rule of Evidence 702

Federal Rules of Evidence 702 and 703 govern the admissibility of expert testimony.  **See** Fed. R. Evid. 702 and 703; **see also** *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557 (8th Cir. 2014).  "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony.  The rule clearly is one of admissibility rather than exclusion."  *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008) (citation omitted).  "The touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact."  *Lee v. Andersen*, 616 F.3d 803, 808 (8th Cir. 2010).  Courts have interpreted Rule 702 to provide a three-part test,

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact.  This is the basic rule of relevancy.  Second, the proposed witness must be qualified to assist the finder of fact.  Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Johnson*, 754 F.3d at 561.

"[E]xpert evidence is not inadmissible because it embraces an ultimate issue to be decided by the jury."  *Lee*, 616 F.3d at 808-09; **see also** Fed. R. Evid. 704(a).  "Expert opinions based on industry or institutional practices and standards are generally admissible."  *Wagner v. City of Omaha*, 8:12CV392, 2014 WL 3058352 (D. Neb. July 7, 2014) (**citing** *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) (explaining that expert testimony on legal matters is not admissible, but testimony on "industry practice or standards" may be relevant and expert or fact testimony on what these are is often admissible)).  However, an expert may not opine on a factual matter on which the jurors are entirely capable of

---
[4] The defendants represent the plaintiff intends to depose Officer Edwards on or about September 16, 2014.  **See** Filing No. 120 - Response p. 5; **see also** Filing No. 121-2 - Mumgaard Aff.

making a determination or opine on witness credibility. **See *Lee***, 616 F.3d at 809; ***Westcott v. Crinklaw***, 68 F.3d 1073, 1076-77 (8th Cir. 1995).

The plaintiff limits her challenge against Officer Edwards on the basis his testimony will not help the trier of fact and does not otherwise challenge Officer Edwards' qualifications or the reliability of his opinions. The plaintiff's conclusory challenge is unpersuasive. The plaintiff's admitted confusion, as indicated in her reply brief, of Officer Edwards' opinion is not a basis to exclude expert testimony under Fed. R. Evid. 702. Presumably the defendants' supplemental disclosure (Filing No. 131-1)[5] and the plaintiff's deposition of Officer Edwards will alleviate the plaintiff's confusion. Assuming Officer Edwards is qualified and proper foundation is laid, his testimony may help the trier of fact understand the plaintiff's, Smith's, and officers' actions during the arrest in a law enforcement context. At this point, there is no indication Officer Edwards' testimony will invade the province of the jury. The defendants represent Officer Edwards will not be called to offer testimony on the reasonableness of the arrests. If the defendants' questions ask for legal conclusions or Officer Edwards' testimony invades the province of the jury, the plaintiff's counsel may assert an appropriate objection at that time. Accordingly, the plaintiff's Fed. R. Evid. 702 challenge is denied without prejudice to reassertion at trial. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion in Limine to Exclude Defendant's Expert (Filing No. 107 in case 8:12CV330; Filing No. 110 in case 8:12CV331) is denied as set forth in this order.

Dated this 18th day of September, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[5] The court understands the plaintiff did not have the benefit of the Supplemental Identification at the time the plaintiff filed the instant motion.